UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>SAMUEL ALFREDO CAMPOS,<br><br>                    Defendant. | No. 4:17-CR-6006-EFS<br><br>**ORDER ENTERING RULING FROM JUNE 20, 2017 PRETRIAL CONFERENCE** |

A pretrial conference occurred in this matter on June 20, 2017. Defendant Samuel Alfredo Campos was present, represented by Nicholas Wright Marchi. Assistant U.S. Attorney Laurel J. Holland appeared on behalf of the U.S. Attorney's Office. Before the Court was Defendant's Motion to Dismiss Case, ECF No. 44. At the pretrial conference, the Court denied the motion. This Order memorializes and supplements the Court's oral ruling.

Defendant is charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Defendant moved for dismissal of the indictment based on the argument that he did not have a qualifying felony for felon in possession purposes. Specifically, Defendant argued that because his two prior felonies were juvenile adjudications under Washington state law, they did not qualify as felony predicates. The Government responded that the adjudications do

ORDER - 1

qualify as predicates for the purposes of a felon in possession charge under 18 U.S.C. § 922(g)(1). ECF No. 46. It is undisputed that Defendant's two juvenile adjudications each carried a sentence of over one year.

As used in 18 U.S.C. § 922(g), "crime punishable by imprisonment for a term exceeding one year" is determined based on "the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20). Whether Defendant's prior Washington juvenile adjudications qualify as felonies is therefore determined by Washington state law.

A Washington statute expressly states: "An order of court adjudging a child a juvenile offender or dependent under the provisions of this chapter shall in no case be deemed a conviction of crime." RCW 13.04.240. This initially appears to support Defendant's argument. Other provisions of Washington law, however, make clear that there are situations in which juvenile adjudications are considered prior convictions. For example, the Washington analogue to the federal felon in possession statute makes clear that either an adult *or a juvenile* can be guilty of the crime of unlawful possession of a firearm after having been convicted of a serious offense. RCW § 9.41.040(1)(a). Under the statute, "a person has been 'convicted', whether in an adult court *or adjudicated in a juvenile court*, at such time as a plea of guilty has been accepted, or a verdict of guilty has been filed . . . ." RCW § 9.41.040(3) (emphasis added). This indicates that Defendant's prior juvenile adjudications would qualify as

ORDER - 2

predicates under state law, and would therefore also qualify as prior felony convictions under §§ 921(a)(20) and 922(g)(1).

Defendant argues that, although his prior juvenile adjudications were felony adjudications, using the adjudications as predicate offenses violates his right to due process because he did not have a right to a jury trial for the juvenile proceedings. In *United States v. Tighe*, the Ninth Circuit held that juvenile convictions where the Defendant did not have a right to a jury trial did not fall under the general rule that prior convictions need not be found by a jury to serve as a valid basis for increasing a sentence, and such juvenile convictions must therefore be found by a jury beyond a reasonable doubt in order to serve as the basis for a sentence enhancement. 266 F.3d 1187, 1191–95 (9th Cir. 2001). That requirement is necessarily satisfied in a felon in possession case.

To prove a violation of § 922(g)(1) "the government must prove three elements beyond a reasonable doubt: (1) that the defendant was a convicted felon; (2) that the defendant was in knowing possession of a firearm; and (3) that the firearm was in or affecting interstate commerce." *United States v. Beasley*, 346 F.3d 930, 933–34 (9th Cir. 2003). The existence of Defendant's prior convictions is thus an element of the felon in possession offense, and, unlike use of a predicate conviction as the basis for a sentencing enhancement, a jury in this case would be required to find beyond a reasonable doubt that a prior conviction existed in order to convict Defendant of being a felon in possession of a firearm. Accordingly, there is no *Tighe* violation. *See also United States v. Marks*, 379 F.3d 1114, 1119 (9th

ORDER - 3

Cir. 2004) ("The focus of the inquiry under §§ 921(a)(20) and 922(g)(1) is whether someone has been convicted of a felony under state law, not whether that conviction is constitutionally valid.").

Defendant also suggests that the 2002 amendments to the Washington Sentencing Reform Act — which allowed juvenile convictions to be considered in calculating an adult offender's score for sentencing purposes — cannot be applied retroactively to Defendant because his prior convictions occurred before 2002. The Court finds, however, that the Sentencing Reform Act has no application to this case. This is not an issue of whether a predicate offense can be used for sentencing enhancement purposes, but is instead simply a question of whether Defendant's prior convictions qualify as prior convictions. The more relevant state law, the Washington felon in possession statute, added the language expressly allowing juvenile adjudications to serve as predicate convictions in 1996 — before Defendant's convictions in this case. *See* 1996 Wash. Legis. Serv. Ch. 295. In addition, even if the Washington Sentencing Reform Act was relevant here, in the case cited by Defendant, *State v. Varga*, 86 P.3d 139 (Wash. 2004) (en banc), the Washington Supreme Court held that juvenile convictions entered prior to the 2002 amendments to the Act are properly considered predicates at sentencing for crimes committed after 2002.

Finally, in *United States v. Mendez*, the Ninth Circuit affirmed a district court's denial of a motion to dismiss in a felon in possession case where the defendant made an argument similar to the one before this Court. 765 F.3d 950 (9th Cir. 2014). The Ninth Circuit

ORDER - 4

held as follows: "Under Washington law, we conclude that [Defendant's] 2007 juvenile adjudication constitutes a 'conviction' of 'a crime punishable by imprisonment for a term exceeding one year.'" *Id.* at 953 (quoting 18 U.S.C. §§ 921(a)(20), 922(g)(1)). The Ninth Circuit explained that, while Washington does not treat juvenile adjudications as "crimes" when the offenders are juveniles, such adjudications are treated as prior convictions for adult offenders and therefore constitute prior convictions under § 922(g)(1). *Id.* at 952.

The Court therefore finds that Defendant's prior Washington convictions, each carrying a possible sentence of over one year, qualify as prior felonies under § 922(g)(1), despite the fact that the crimes were committed when Defendant was a juvenile. Thus, the charge of felon in possession of a firearm is appropriate, and the motion to dismiss is denied.

Accordingly, **IT IS HEREBY ORDERED**: Defendant Samuel Alfredo Campos's Motion to Dismiss Case, **ECF No. 44,** is **DENIED.**

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel and the U.S. Probation Office.

**DATED** this  26th  day of June 2017.

s/Edward F. Shea<br>
EDWARD F. SHEA<br>
Senior United States District Judge

Q:\EFS\Criminal\2017\6006.Campos.ord.deny.dism.lc02.docx

ORDER - 5